IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ROBERTSON, #49463-177,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL NO. 3:16-CV-1784-D-BK<br>(Criminal No. 3:15-CR-00125-D-1)) |
| UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge.  Doc. 1.  Petitioner claims that his sentence, specifically the career offender enhancement, is unconstitutional based on the Supreme Court's holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015).  Doc. 1 at 4, 15.  For the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED**.

　　In January 2016, following his guilty plea to possession of a controlled substance with intent to distribute, Petitioner was sentenced to 169 months' imprisonment and a three-year term of supervised release.  Crim. Doc. 33.  Petitioner's direct appeal of his conviction is pending before the United States Court of Appeals for the Fifth Circuit.  *See Robertson v. United States*, 16-10040 (5th Cir.).

　　A district court does not entertain a section 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot."  *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (per curiam), *abrogated on other grounds*.  Therefore, Petitioner's request for section 2255 relief should be dismissed without prejudice.

　　For the foregoing reasons, it is recommended that the section 2255 motion be

**DISMISSED WITHOUT PREJUDICE** to it being reasserted after the United States Court of Appeals for the Fifth Circuit has determined his direct criminal appeal.[1]

**SIGNED** July 5, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] There is a one-year statute of limitations for filing motions to vacate, set aside, or correct sentence, which will apply to any subsequent section 2255 motion that Petitioner files in this Court. 28 U.S.C. § 2255(f)(1)-(4). The Court further notes that the United States Supreme Court recently granted certiorari to address whether *Johnson* applies retroactively to section 2255 cases challenging federal sentences enhanced under the career offender provision of the United States Sentencing Guidelines. *See Beckles v. United States,* No. 15-8544, 2016 WL 1029080 (June 27, 2016).